LAW OFFICES
Craig A. Altman
A PROFESSIONAL CORPORATION
SUITE 103
1173 EAST LANDIS AVENUE FRONT
VINELAND, NEW JERSEY 08360
(856) 327-8399
FAX (215) 644-8049

CRAIG A. ALTMAN, ESQUIRE
ALLAN J. AIGELDINGER, III, ESQUIRE
AJAIGELDINGER@HOTMAIL.COM
CORY A. TROBMAN, ESQUIRE
CTROBMAN@ALTMAN-LAWFIRM.COM
SAMUEL H. BURKHARDT, ESQUIRE
SBURKHARDT@ALTMAN-LAWFIRM.COM

PLEASE REPLY TO VINELAND OFFICE

CAMDEN CO. OFFICE
COOPER RIVER LAW BLDG.
6951 NORTH PARK DRIVE
PENNSAUKEN, NJ 08109

PHILADELPHIA OFFICE
19 SOUTH 21ST STREET
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-4488

MEMBERS OF THE FIRM ARE LICENSED TO PRACTICE IN PA, NJ

May 29, 2025

Walmart, Inc.
702 SW 8th Street
Bentonville, AR 72716

Re: Moye v. Walmart, et al.

To Whom It May Concern,

Enclosed please find a stamped copy of the Complaint-Civil Action filed against you in the above-captioned matter, in the Philadelphia County Court of Common Pleas.

According to Pennsylvania Rules of Civil Procedure, you have twenty (20) days from the date you receive the enclosed Complaint to file an Answer or otherwise plead to the enclosed. If you fail to take any action within the prescribed time, a judgment may and will be entered against you. Kindly forward this correspondence to your liability insurance carrier immediately so that efforts may be taken to amicable resolve this claim.

Thank you for your prompt attention and anticipated cooperation in this regard.

Very truly yours,

Jessica Weinert

Jessica Weinert, Paralegal to
Cory A. Trobman, Esquire

CAT/jw/enclosure
Via First Class Mail and Certified Mail#9589071052703194520696

JUN 05 2025

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| MOYE VS WALMART ETAL | MAY **TERM,** 2025 |
| | **No.** 03598 |

**STANDING CASE MANAGEMENT GUIDELINES**
**COMPULSORY ARBITRATION PROGRAM**

****IMPORTANT****
**PLEASE READ THESE GUIDELINES CAREFULLY.**
**Information about your case is given.**

**You are receiving this document because you were identified as a party in a filing of a civil action in the Compulsory Arbitration Program.**

**1. ARBITRATION HEARING**: This matter is listed for an Arbitration hearing on April 10, 2026 at 09:15 am. The hearing will be held at the Compulsory Arbitration Center located at 1880 JFK Blvd., 5th Floor, Philadelphia PA 19103.

**2. SERVICE**: The party who started this action must serve the Writ of Summons or Complaint and a copy of these Standing Case Management Guidelines pursuant to the Pennsylvania Rules of Civil Procedure pertaining to service of original process. See PA.R.C.P. Rule 400, et. seq. Pursuant to Philadelphia Rule of Civil Procedure *205.4, upon completion of service, proof of service must be filed promptly utilizing the Civil Electronic Filing System at: https://fjdefile.phila.gov/ or the Civil Filing Center, Room 296, City Hall.

**Note: The Court will not hear the case and may dismiss the matter if proper service is not completed and if proof of service is not filed. In addition, if a complaint is not timely filed, the Court can enter a non-suit on the motion of the defendant or a non-pros on the Court's own motion pursuant to Pennsylvania Rule of Civil Procedure 218.**

**3. DEFENDANT**: If you have been served with a Writ of Summons or Complaint pursuant to Paragraph 2 of these Guidelines, then you are the Defendant in this matter. You (or your attorney, if you are represented by an attorney) are required to file an Answer or other responsive pleading. A Defendant risks having Judgment entered against them if they do not respond to a Complaint within 20 days of service. Failure to respond may result in loss of a Defendant's money or property

**4. ARBITRATION HEARING PROCEDURE**: The Arbitration hearing will be conducted by a Board of three (3) arbitrators. The arbitrators are lawyers who have been certified by the Court to serve as arbitrators to decide the case. Parties should be prepared to present/try their case before the panel, which includes Opening Statements, Direct and Cross Examination of witnesses, presentation of documentary evidence (in accordance

with Philadelphia County's 20-day Rule *1305(b)) and Closing Arguments. The arbitrators will rule on any objections raised during the hearing and render a decision at the conclusion of the hearing, entitled Report and Award of Arbitrators (the Award). Parties will receive notice of the Award by email or mail depending on whether an e-filing account has been set up. If there is not such an account, the Award will be mailed to the party's address the Court has on file.

**5. DISCOVERY**: All of the discovery tools allowed under the Pennsylvania Rules of Civil Procedure are also available for Arbitration cases. Discovery is the process that allows parties to request evidence or documents from the opposing party according to PA.R.C.P. 4000 through 4025. The parties can utilize interrogatories, requests for production of documents, requests for admissions and depositions, as appropriate, for any case.

The Court has approved standard Discovery for motor vehicle and premises liability cases that are in the Compulsory Arbitration Program. The applicable Discovery can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

Additional Discovery is permitted under limited circumstances. Please see the overview of the Compulsory Arbitration program for further detail, specifically pages 5 and 6: https://www.courts.phila.gov/pdf/manuals/civil-trial/compulsory-arbitration-center.pdf.

**6. FILINGS OF PETITIONS AND MOTIONS**: All petitions, motions, and responses must be prepared in compliance with Philadelphia Rules of Civil Procedure *206.1 and *208.3 and filed utilizing the First Judicial District's Electronic Filing System or the Civil Filing Center, Room 296 City Hall. Such filings are governed by the "45-day Rule" as set forth in Philadelphia Rule of Civil Procedure *1303(h) which requires the filing of petitions and motions not less than 45 days prior to the date of the scheduled Arbitration hearing. The Discovery motion procedure outlined in Philadelphia Rule of Civil Procedure *208.3(a) must be followed if there is a dispute over Discovery. See Notice to the Bar for more information regarding Discovery motion procedure posted at: https://www.courts.phila.gov/pdf/notices/2021/NTB-Trial-Division-Civil-Protocol-for-Discovery-Motions-Filed-on-or-After-March-15-2021.pdf.

The Miscellaneous Arbitration Application may be utilized to seek leave of Court to file a Petition/Motion within 45 days of the Arbitration hearing date. The requisite application can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

**7. APPEAL OF AN AWARD**: Either party can appeal the Award as of right and receive a new trial before a judge and/or jury. To take an appeal, a party must file a Notice of Appeal within 30 days of the date indicated on the docket that notice of the Award given. The Notice of Appeal form can be found in the forms section of the Courts' website under Appeal Filing Forms at: https://www.courts.phila.gov/forms/.

An appeal by one party applies to all parties. Within 10 days of the appeal being filed, either party can request and pay for a jury trial on appeal, if not previously requested. If a case is appealed, the parties will receive a Case Management Order outlining deadlines, the scheduling of a Pre-Trial Settlement Conference, and an anticipated month in which the case will be called to trial. If no Appeal is taken, the Award will become final and may be reduced to judgment upon the filing of a Praecipe to Enter Judgment on the Award.

**8. CONTINUANCES:** Applications for continuances of an Arbitration hearing are governed by Philadelphia Rule of Civil Procedure *1303(c) and shall be reviewed by the Director of the Arbitration Center or the Director's designee. Arbitration continuance applications must be filed utilizing the First Judicial District's Electronic Filing System or the Civil Filing Center, Room 296 City Hall. The Continuance/Deferral Application can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

**Note: There is no hearing or oral argument regarding the continuance request and the granting or denial of an application is not subject to judicial scrutiny or review.**

**9. SETTLEMENTS:** The parties shall provide notification to the Arbitration Center of any settlement prior to the Arbitration Hearing date. Settlement letters are to be electronically filed through the Court's Electronic Filing System at: https://fjdefile.phila.gov/. To file, parties should access the "Existing Case" section of the Electronic Filing System. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type and upload your letter. Once received by the Court, you will be notified of the acceptance of your e-filing. If you do not have access to the Electronic Filing System, settlement letters can be faxed to 215-686-9594 or call the Arbitration Center a

A detailed overview of the First Judicial District's Compulsory Arbitration Program can be found at:
https://www.courts.phila.gov/pdf/manuals/civil-trial/compulsory-arbitration-center.pdf

**BY THE COURT:**

**DANIEL J. ANDERS**
**ADMINISTRATIVE JUDGE**
**TRIAL DIVISION**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2025** **03598**

E-Filing Number: 2505063331

| | |
|---|---|
| PLAINTIFF'S NAME<br>DAKOTA MOYE | DEFENDANT'S NAME<br>WALMART |
| PLAINTIFF'S ADDRESS<br>204 HAFTRANFT AVENUE<br>NORRISTOWN PA 19401 | DEFENDANT'S ADDRESS<br>1665 N ATHERSON STREET<br>STATE COLLEGE PA 16803 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WALMART INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>702 SW 8TH STREET<br>BENTONVILLE AR 72716 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE #1-10 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1665 N ATHERSON STREET<br>STATE COLLEGE PA 16803 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY

- [X] $50,000.00 or less
- ☐ More than $50,000.00

COURT PROGRAMS

- [X] Arbitration
- ☐ Jury
- ☐ Non-Jury
- ☐ Other:
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**

MAY 29 2025

**B. BALILONIS**

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DAKOTA MOYE

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>CORY A. TROBMAN | ADDRESS<br>LAW OFFICES OF CRAIG A. ALTMAN<br>19 SOUTH 21ST STREET<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)569-4488 — FAX NUMBER<br>(215)569-8610 | |
| SUPREME COURT IDENTIFICATION NO.<br>316598 | E-MAIL ADDRESS<br>ctrobman@altman-lawfirm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*CORY TROBMAN* | DATE SUBMITTED<br>Thursday, May 29, 2025, 10:52 am |

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 04/10/2026
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date anc place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date befcre a judge of the court without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

Filed and Attested by the Office of Judicial Records
2025 10:52 am
BALILONIS

LAW OFFICES OF CRAIG A. ALTMAN, P.C.
BY: CORY A. TROBMAN, ESQUIRE
I.D. NO.: 316598
19 SOUTH 21ST STREET
PHILADELPHIA, PA 19103
215-569-4488

**THIS IS AN ARBITRATION MATTER. AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED.**

Attorney for plaintiff

| | |
|---|---|
| **DAKOTA MOYE**<br>204 HARTRANFT AVENUE<br>NORRISTOWN, PA 19401 | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION |
| v. | |
| **WALMART**<br>1665 N ATHERTON STREET<br>STATE COLLEGE, PA 16803<br>&<br>**WALMART INC.**<br>702 SW 8TH STREET<br>BENTONVILLE, AR 72716<br>&<br>**JOHN DOE #1-10 (a fictitious name designating the owner, operator, maintainor, possessor, lessor, lessee, entity and/or individual legally responsible for the care, control, safety and/or maintenance of the premises)** | |

**COMPLAINT IN PERSONAL INJURY**
**<u>2S PREMISES LIABILITY</u>**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

1. Plaintiff, Dakota Moye, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Walmart, is a business entity with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the premises located at or near 1665 N Atherton Street, in the City of State College and County of Centre, in the Commonwealth of Pennsylvania (hereinafter referred to as "Premises").

3. At all times material hereto defendant, Walmart, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the Premises.

4. Defendant, Walmart Inc., is a business entity with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the Premises.

5. At all times material hereto defendant, Walmart Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the Premises.

6. Defendant, John Doe #1-10, is an individual defendant whose actual name is unknown to Plaintiff after having conducted a reasonable search with due dilligence; the John Doe designation is averred to be fictitious.

7. At all times material hereto defendant, John Doe #1-10, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care, control and/or safety of the Premises.

8. On or about June 11, 2023, plaintiff, Dakota Moye, was an invitee, licensee and/or otherwise legally on defendant's premises, when the negligence, recklessness and/or carelessness of the defendants caused the plaintiff to slip and fall due to defects on the Premises.

9. As a result of this accident, the plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

**COUNT I**
**Dakota Moye v. Walmart**
**Personal Injury**

10. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

11. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, floors,hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the

conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to remove items and/or liquids from the, floors, hallways, pathways, aisles and/or walkways; and,

k. In other respects that may be pointed out at the time of trial.

12. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left patellar subluxation, patellar instability of the left knee, mild partial thickness tear of the medial patellofemoral ligament, and any other ills, injuries, all to plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

14. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

15. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

16. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT II**
**Dakota Moye v. Walmart Inc.**
**Personal Injury**

17. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

18. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, floors,hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to remove items and/or liquids from the, floors, hallways, pathways, aisles and/or walkways; and,

k. In other respects that may be pointed out at the time of trial.

19. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left patellar subluxation, patellar instability of the left knee, mild partial thickness tear of the medial patellofemoral ligament, and any other ills, injuries, all to plaintiff's great loss and detriment.

20. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

21. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

22. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

23. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not

been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT III**
**Dakota Moye v. John Doe #1-10**
**Personal Injury**

24. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

25. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, floors,hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to remove items and/or liquids from the, floors, hallways, pathways, aisles and/or walkways; and,

k. In other respects that may be pointed out at the time of trial.

26. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of

pre-existing conditions, including, but not limited to: left patellar subluxation, patellar instability of the left knee, mild partial thickness tear of the medial patellofemoral ligament, and any other ills, injuries, all to plaintiff's great loss and detriment.

27. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

28. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

29. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

30. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**LAW OFFICES OF CRAIG A. ALTMAN, P.C.**

**/s/ Cory A. Trobman**

**CORY A. TROBMAN, ESQUIRE**

**VERIFICATION**

CORY A. TROBMAN, ESQUIRE, being duly sworn according to law deposes and says that he is the attorney for the Plaintiff in this action and verifies that the facts contained in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to sworn falsification to authorities.

/s/ Cory A. Trobman

CORY A. TROBMAN, ESQUIRE

CERTIFIED MAIL

LAW OFFICES
*Craig A. Altman*
A PROFESSIONAL CORPORATION
19 SOUTH 21ST STREET
PHILADELPHIA, PA 19103

9589 0710 5270 3194 5206 96

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES
ZIP 19103
02 7H
0001288849
$ 010.48⁰
MAY 29 2025

Walmart, Inc.
702 SW 8th Street
Bentonville, AR 72716